## Williams *v.* Williams, Appellant.

Argued October 24, 1945. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*Robert C. Haberstroh,* with him *John Klepser,* for appellant.

*Samuel H. Jubelirer,* with him *Jubelirer, Jubelirer & Smith,* for appellee.

OPINION BY ARNOLD, J., March 5, 1946:

These divorce proceedings were filed by the husband charging his wife with cruel and barbarous treatment and indignities to the person. A master took the testimony, observed the witnesses and recommended a decree on both grounds. On exceptions, the court below agreed with the master but granted the divorce only on the grounds of indignities. The wife appealed, alleging that the evidence did not reach the required degree, and that libellant was not free of fault. We have carefully examined the 275 page record. No useful purpose is

served by repeating it in digest form. As is usual, there are conflicts therein. Both parties were about fifty years of age when married,—she for the first time. He for the second, with four children by his former marriage. They resided together six months. No children were born to the present union. He operated a restaurant and store. She was a professional nurse. The respondent's denials and assertions stood practically alone and are not impressive. The libellant was corroborated not only by family witnesses, but by those who had no apparent interest. Both master and court found this testimony clear and convincing, and that the respondent "nagged, personally abused, embarrassed and humiliated" the libellant, privately and publicly, "falsely accused him" of infidelity, and "interfered with his business". That "he became nervous, lost weight, . . . and had he continued to live with her he would not only have failed in business, but been broken down in health." The record fully sustains this commentary. No question of law is involved. We reach the independent conclusion after reviewing the evidence, that the clear and convincing proof sustains the decree.

Judgment affirmed.